UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-497-FDW
(3:05-cr-104-FDW-DSC-19)

| | |
|---|---|
| **FRANK WOOD THOMAS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), on Respondent's Motion for Summary Judgment, (Doc. No. 6), on Respondent's Response in Support re Motion to Amend, Correct Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 15), on Respondent's Motion for Leave to File a Response One Day Out of Time, (Doc. No. 16), and on Petitioner's Motion for Leave to File Supplemental Pleading, (Doc. No. 20).

I.     **BACKGROUND**

Petitioner Frank Wood Thomas was one of twenty-five individuals indicted by the Grand Jury for the Western District of North Carolina in a six-count bill of indictment filed on April 25, 2005, and charged with drug-trafficking and firearm offenses. (Crim. Case No. 3:05cr104, Doc. No. 10: Sealed Indictment). Specifically, Petitioner was charged in Count One with conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 and § 841(b)(1)(A). (Id.). The indictment alleged that the conspiracy involved over five kilograms

1

of cocaine and over 50 grams of crack.  (Id., Doc. No. 10 at 3).  The Government subsequently filed an Information in accordance with 21 U.S.C. § 851, indicating that the Government intended to rely on Petitioner's prior conviction for felony possession of cocaine under North Carolina law.  (Id., Doc. No. 353: Information Pursuant to 21 U.S.C. § 851).

On October 24, 2006, Petitioner proceeded to trial with co-defendants Kevin Beaufort, Allen Marshall McCall, Jr., and Howard Edward McCall before a jury.  Nine days later, on November 2, 2006, a jury found Petitioner guilty of the drug conspiracy charged in Count One of the indictment.  (Id., Doc. No. 383: Jury Verdict).  Before Petitioner's sentencing hearing, the probation officer submitted a presentence report ("PSR").  (Id., Doc. No. 487: PSR).  In the PSR, the probation officer calculated a total offense level of 32 and a criminal history category of III, yielding a preliminary applicable Guidelines range of 151 to 188 months   (Id., Doc. No. 487 at 11; 16; 21).  Because Petitioner was subject to a statutory mandatory minimum term of 240 months in prison under 21 U.S.C. § 841(b)(1)(A), the probation officer noted that this mandatory minimum trumped the otherwise applicable Guidelines range, see Sentencing Guidelines § 5G1.1(a).  (Id., Doc. No. 487 at 21).

On June 22, 2007, the Court sentenced Petitioner to 240 months' imprisonment, to be followed by a ten-year term of supervised release.  (Id., Doc. No. 465).  Petitioner filed a Notice of Appeal on June 27, 2007.  (Id., Doc. No. 470).  On May 18, 2009, the Fourth Circuit Court of Appeals affirmed this Court's judgment.  See United States v. Thomas, 327 Fed. App'x 442, 444 (4th Cir. 2009).  Petitioner filed a petition for writ of certiorari in the Supreme Court, which petition was denied on October 5, 2009.  See Thomas v. United States, 130 S. Ct. 337 (Oct. 5, 2009) (No. 09-6063).

On October 6, 2010, Petitioner filed his original motion to vacate, set aside, or correct

sentence pursuant 28 U.S.C. § 2255.[1]  (Doc. No. 1).  On February 4, 2011, the government filed a motion for summary judgment.  (Doc. No. 6).  On November 22, 2011, Petitioner filed a motion to amend his motion to vacate, arguing that this Court improperly enhanced his sentence under § 841(b)(1)(A) because his prior conviction for felony possession of cocaine does not qualify as a "felony drug offense" under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).  (Doc. No. 12).  On October 9, 2012, this Court granted the motion to amend.  (Doc. No. 13).  On December 11, 2012, Respondent filed a response in support of the amended motion to vacate.  (Doc. No. 15).  On January 7, 2013, Petitioner filed a pro se "Traverse" to the Government's response to Petitioner's original and amended motions to vacate. (Doc. No. 17).

## II.  STANDARD OF REVIEW

### A.  Section 2255

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.  If a petitioner's motion is not dismissed after this initial review, the Court must direct the Government to respond.  Id.  The Court must then review the Government's answer and motion for summary judgment and any materials submitted by the parties to determine whether an evidentiary hearing is warranted under Rule 8(a).  The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

---

[1] The mailing envelope for the Section 2255 petition shows that it was submitted to the prison mailroom for processing on October 1, 2010, and it was post-marked on October 4, 2010.

## B. Summary Judgment

Summary judgment is appropriate in cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying summary judgment to motion to vacate). Any permissible inferences which are drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). However, when the record taken as a whole could not lead a trier of fact to find for the non-moving party, granting summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

## C. Ineffective Assistance of Counsel

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the

petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

**III. DISCUSSION**

A. Petitioner's Claims for Ineffective Assistance of Counsel

Petitioner first contends that he received ineffective assistance of counsel because trial counsel Alston failed to file a motion for Rule 404(b) information that the Government planned to use at trial and failed to move to dismiss the indictment based on violations of the Speedy Trial Act.[2] Petitioner also claims that during closing arguments at trial, counsel failed to object to the prosecutor's "prejudicial and inflammatory" remark to the jury about Petitioner's right to remain silent.

1. Rule 404(b) Evidence

Petitioner first alleges that trial counsel failed to file a pretrial motion requesting Rule 404(b) evidence that the Government planned to use at trial. Petitioner contends that being informed of the "other crimes, wrongs or acts allegedly committed by [Petitioner]" was critical to his defense and would have assisted in his alternative decision to accept the plea offer rather than going to trial. See (Doc. No. 1 at 4; 5; 7). Additionally, Petitioner contends that if counsel had obtained the alleged Rule 404(b) information "in advance of trial," he could have moved to have the evidence excluded at trial. (Id. at 4). Petitioner speculates that the Court would have excluded the information from trial pursuant to Federal Rule of Evidence 403 because it was

---

[2] Respondent states in its summary judgment brief that the Government has been unable to contact counsel Alston to obtain an affidavit from him, and the Government is relying on the record in addressing Petitioner's ineffective assistance of counsel claims against counsel Alston. See (Doc. No. 5 at 9).

outside the time frame of the conspiracy, the potential for unfair prejudice outweighed its probative value, and quantities from such information would confuse the elements necessary to prove the charged violation. (Id. at 5). Petitioner further speculates that the alleged Rule 404(b) evidence would have been excluded because it was intended to demonstrate his character for involvement in prior drug activity. (Id. at 6). Consequently, Petitioner asserts that the testimony of Tanre Taylor, Haji White, and Mike McCall, concerning their drug activities with Petitioner before December 2004, was admitted in violation of Rule 404(b) and that he suffered resulting prejudice because the jury found him guilty of a drug conspiracy involving more than 500 grams of cocaine and more than 50 grams of crack subjecting him to a 20-year minimum sentence, instead of conspiracy to purchase 4.5 ounces of cocaine powder, which he claims would have subjected him to a penalty of 0 to 30 months. (Id. at 6-7). Finally, Petitioner alleges that if counsel had sought the alleged Rule 404(b) evidence and if he had been unsuccessful in having it excluded before trial, "there's a reasonable probability [that] he would have accepted the government's plea offer of 10 years, rather than [have] chosen to face trial and been subjected to the 20 year mandatory minimum sentence, currently imposed." (Id. at 7). As Respondent notes, Petitioner's allegations are not supported by the record.

First, pursuant to the Government's open file policy and the Standard Criminal Discovery Order, counsel had access before trial to the interviews and statements of co-defendants and cooperating witnesses, and counsel was aware of the Government's evidence against Petitioner. See (Crim. No. 3:05cr104, Doc. No. 142). Thus, Petitioner's contention that trial counsel did not have the Rule 404(b) evidence before trial is inaccurate.

Second, Petitioner was aware of the individuals with whom he had been involved in drug trafficking and could have assumed that they would have testified against him at the time he

6

decided to go to trial. Petitioner suggests only that there is "reasonable probability" that he would have accepted the Government's plea offer, a statement that is not definitive enough to warrant relief under Section 2255. Furthermore, there is no evidence that Petitioner would have received a lower sentence even if he had pled guilty.

Finally, Petitioner erroneously assumes that the challenged evidence constitutes "other crimes" evidence under Rule 404(b). Evidence of uncharged misconduct is not impermissible character evidence and does not run afoul of Rule 404(b) if it arises out of "the same series of transactions":

> It is well-established, however, that the mere fact that the evidence involved activities occurring before the charged time frame of the conspiracy does not automatically transform that evidence into "other crimes" evidence . . . . Rather, evidence of uncharged conduct is not considered "other crimes" evidence if it "arose out of the same . . . series of transactions as the charged offense, . . . or if it is necessary to complete the story of the crime (on) trial."

United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994) (quoting United States v. Towne, 870 F.2d 880, 886 (2d Cir. 1989)). The challenged testimony of Taylor, White, and McCall is not Rule 404(b) "other acts" evidence. Rather, it is evidence intrinsic to the charged conspiracy because it laid the foundation for, and told the story of, the charged crime by explaining how Petitioner met McCall, Taylor, and White and how their drug-dealing relationship began and evolved. Therefore, the challenged testimony was not "other acts" evidence subject to the limitations of Rule 404(b). Additionally, the Court instructed the jury that it could consider evidence of relationships before December 2004, but it could not consider drug quantities or drug amounts before December 2004. (Crim. Case No. 3:05cr104, Doc. No. 495 at 622-23; 629-30: Trial Tr.). Thus, Petitioner has not met his burden to demonstrate prejudice based on counsel's failure to request and challenge alleged Rule 404(b) evidence before trial. In sum, his

7

claim on this issue fails.

    2. Violation of the Speedy Trial Act

Petitioner alleges that his trial did not commence "until 426 days over the required period and there were no qualifying reasons under the [Speedy Trial Act] for the Government's causes for the delay." (Doc. No. 1 at 8). Petitioner asserts that counsel was ineffective for failing to file a motion to dismiss the indictment, speculating that a timely motion to dismiss based on a violation of the Speedy Trial Act would have resulted in the Court's dismissal of the indictment against Petitioner based on the Government's unreasonable and prejudicial delay. (Id. at 9).

Under the Speedy Trial Act, a defendant must be tried within seventy days from the filing date of the indictment or from the date the last co-defendant to appear has appeared before a judicial officer, whichever date is later. See 18 U.S.C. § 3161(c)(1) (2000); Henderson v. United States, 476 U.S. 321, 323 n.2 (1986). The Act provides a list of periods of delay that are excluded for purposes of speedy trial calculations, including "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A) (2006).

Here, Petitioner's seventy-day period under the Speedy Trial Act did not begin to run until February 6, 2006, the date of the last initial appearance of co-defendant Demon Morris. The record reveals that this Court properly granted continuances pursuant to 18 U.S.C. 3161(h)(8)(B)(i) until the October 23, 2006, trial term, and that no violation of the Speedy Trial Act occurred. Therefore, Petitioner's claim on this issue fails.

    3. Prosecutor's Improper Comment

8

Finally, Petitioner alleges that counsel failed to object to the prosecutor's improper comment during closing argument. Specifically, Petitioner asserts that the prosecutor's statement, "[h]ow many of you would like to hear from Frank Thomas," "was highly prejudicial and inflammatory and directed . . . the jury to consider, [Petitioner's] right to remain silent or not to testify, as an implicit negative inference of guilt." (Doc. No. 1 at 12). Petitioner speculates that "but for counsel's failure to timely object" to the prosecutor's comment, "there's a reasonable probability that . . . the outcome of the trial proceedings would have been different." (Id. at 13).

> In the context of the prosecutor's argument, the record shows the following:
>
> Frank Thomas. You heard—and I'm sure that Mr. Alston will make much of the fact that you only heard two calls from Frank Thomas. First, how many would you want to hear from Frank Thomas? Second, that call tells you everything you need to know about him.
>
> He's cooked cocaine—he's one of the realists. He knows 12 to 13 different ways to cook crack. He's got over 5,000 manhours on the stove. He is someone who, if you wanted to be grimy, could take two ounces and make it two and a half. And when the crackhead essentially smoked it down, it would melt down, they wouldn't find any bake in it.
>
> Why would he talk to Mike about that unless he was involved and also a member of the conspiracy?

(Crim. Case No. 3:05cr104, Doc. No. 498 at 1370). Contrary to Petitioner's claim, the prosecutor made no prejudicial or inflammatory comment concerning Petitioner's choice not to testify. Counsel's failure to make a meritless objection does not constitute ineffective assistance of counsel. In sum, Petitioner's claim on this issue fails.

B. Petitioner's Simmons Claim

Section 851 of Title 21 provides for enhanced sentences based on any prior "felony drug offense." 21 U.S.C. § 851. That term is defined in Section 802(44) as "an offense that is punishable by imprisonment for more than one year under [any state or federal law relating to

narcotics or marijuana]." In Simmons, the Fourth Circuit held than an offense qualifies as a "felony drug offense" for purposes of Section 841(b)(1) and is punishable by more than one year in prison only if the defendant could have received a sentence of more than one year in prison, overturning its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit held that an offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year upon conviction for that offense. Thus, for purposes of a qualifying predicate conviction under Section 841(b)(1), a predicate conviction is not "punishable for a term exceeding one year" unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act.

As Respondent notes, this Court enhanced Petitioner's sentence based on his prior conviction for felony possession of cocaine under North Carolina General Statutes § 90-95. Petitioner could not have received more than one year in prison based on his conviction for felony possession of cocaine. Respondent notes that although Jones and Harp were still good law when this Court sentenced Petitioner, Simmons has clarified that Petitioner's prior conviction for felony possession of cocaine does not qualify as a "felony drug offense" because it was not punishable by more than one year in prison. The Court further notes that the Fourth Circuit Court of Appeals recently held that Simmons is retroactive to cases on collateral review. See Miller v. United States, No. 13-6254, 2013 WL 4441547 (4th Cir. Aug. 21, 2013).

Respondent further notes that, with respect to Petitioner's claim for relief in this proceeding, in Hicks v. Oklahoma, 447 U.S. 343 (1980), the Supreme Court held that the due process clause is violated when the sentencing court is erroneously deprived of any discretion to sentence a defendant below an erroneously applied statutory mandatory minimum sentence.

10

Respondent asserts that, here, Petitioner's otherwise applicable Guidelines range was well below the 240-month sentence this Court imposed based on the statutory mandatory minimum this Court, and both parties, believed applied. Respondent further states that because the application of that mandatory minimum deprived the Court of discretion to sentence Petitioner to a term of less than 240 months, the 240-month minimum was a violation of the due process clause as established in Hicks. Respondent has, therefore, declined to assert a procedural bar so Petitioner may be resentenced without consideration of the 240-month mandatory minimum sentence applied by this Court in sentencing Petitioner before Simmons was decided.

In sum, because Respondent has expressly waived the one-year limitations period,[3] and has requested that this Court re-sentence Petitioner, this Court will grant the motion to vacate as to Petitioner's Simmons claim. Petitioner shall be re-sentenced without application of the 240-month mandatory minimum.

**IT IS, HEREBY, ORDERED, ADJUDGED, AND DECREED** that

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **GRANTED** in part and **DENIED** in part;

(2) Respondent's Motion for Summary Judgment, (Doc. No. 6), is **GRANTED** as to the claims in the original Section 2255;

(3) Respondent's Motion for Leave to File a Response One Day Out of Time, (Doc. No. 16), is **GRANTED** nunc pro tunc;

(4) Petitioner's Motion for Leave to File Supplemental Pleading, (Doc. No.

---

[3] The conclusion here does not run afoul of the Fourth Circuit's recent decision in Powell v. United States, 691 F.3d 554 (4th Cir. 2012), because in Powell the government did not waive the one-year limitations period.

20), is **GRANTED**; and

(5)  Petitioner shall be re-sentenced in accordance with this Order.

Signed: August 26, 2013

Frank D. Whitney
Chief United States District Judge